IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| JOHN WEAVER, | ) |
| | ) |
| Plaintiff, | )   2:25-CV-00910-MJH |
| | ) |
| vs. | ) |
| | ) |
| SHASTA SERVICES, LLC, | ) |
| | ) |
| Defendant, | |

**MEMORANDUM OPINION**

On July 4, 2025, Plaintiff, John Weaver filed a Complaint against Defendant, Shasta Services LLC, alleging claims for discrimination, retaliation, and hostile work environment under the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"). (ECF No. 1). On August 18, 2025, Defendant filed a Motion to Dismiss and accompanying brief. (ECF Nos. 10 & 11). On September 8, 2025, Plaintiff filed his Brief in Opposition. (ECF Nos. 12 & 13).[1] On September 15, 2025, Defendant filed its Reply. (ECF No. 14). For the following reasons, Defendant's Motion to Dismiss will be granted in part and denied in part.

**I.    Statement of Facts**

---

[1] Plaintiff refiled his Brief in Opposition, at ECF No. 13, with an appended exhibit indicating that two case citations within the original filing "do not adequately address the issues cited in my brief." It is clear to the Court that the case citations at issue, within the original Brief in Opposition, were "hallucinations" created by Artificial Intelligence.

1

Plaintiff, John Weaver began working as Plant Manager at Shasta Services, LLC ("Shasta") on or around January 1, 2024. (ECF No. 1, at ¶ 9). Plaintiff alleges that during his time working at Shasta, various employees made comments about his age. Allison Cunningham, Human Resource Manager, questioned whether Plaintiff's age on his onboarding documents were correct, because "the date listed would put him over the age of seventy." (*Id.* ¶ 10). Plaintiff alleges that Mark Snyder, Operations Manager at Shasta, told Plaintiff that he should retire, because Plaintiff was one of the oldest employees at Shasta "if [Shasta] want to get rid of [Plaintiff] they'll find a reason." (*Id.* ¶ 11). On June 1, 2024, Shasta's Maintenance Manager suggested that they have a "mock audit" on July 17, 2024, to prepare for an actual Maintenance audit that was forthcoming. (*Id.* ¶ 13). Plaintiff alleges that, on July 17, 2024, the actual Maintenance audit was performed. (*Id.* ¶ 15). At the audit, safety violations related to Lock Out/Tag Out (LO/TO) procedures were not being performed by Grinder Operators on grinding machines. (*Id.*). On that same day, Shaun Mienke, Senior Vice President of TMS International[2], terminated Plaintiff, attributing the termination to Plaintiff's failure to implement the LO/TO procedures. (*Id.* ¶ 20). Plaintiff alleges that his termination was actually because of his age. (*Id.* ¶ 21). In support of this contention, Plaintiff alleges that employees younger than plaintiff also did not comply with the LO/TO procedures in 2023, but were not terminated or disciplined. (*Id.* ¶ 22). Further, Plaintiff alleges that, just a day after he was terminated, Shasta decided the LO/TO services were not needed on the grinding machines. (*Id.* ¶ 21).

On January 10, 2025, Plaintiff filed a Charge of Discrimination with the EEOC against Shasta. (ECF No. 10-1). The Charge alleged as follows:

---

[2] The Complaint does not make clear TMS International's relationship to Shasta, but from the facts alleged within the Complaint it seems that TMS International is Shasta's parent company.

> I began working as a Plant Manager for the Respondent at its Aliquippa, PA location in January of 2024. During my employment I did not receive any disciplinary actions or performance reviews. On or about July 17, 2024[,] I was discharged from employment.
>
> The Respondent stated I was discharged due to lock out/tag out procedures not being followed.
>
> I believe the Respondent discharged me because of my age, 71, in violation of the Age Discrimination in Employment Act (ADEA). At least two (2) other individuals much younger than me knew of and were responsible for the issues which resulted in my discharge prior to my being hired and during my employment but, they were not disciplined or discharged. Their names are Mark Whalen and Shawn Mienke.
>
> (*Id.*).

## II.     Relevant Legal Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

### III. Discussion

The Title VII and ADEA claims brought by Plaintiff all require an exhaustion of any required administrative remedies before bringing a claim for judicial relief. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (Title VII); *see also Seredinski v. Clifton Precision Prods. Co., Div., of Litton Sys.*, 776 F.2d 56, 63 (3d Cir. 1985) (ADEA). To properly exhaust the required administrative remedies, a plaintiff must file a charge of discrimination with the EEOC and receive a right to sue letter. *Mandel*, 706 F. 3d at 163. Such filing serves to "define the scope of the [EEOC]'s investigation and to notify the defendant of the charges against it." *Barzanty v. Verizon PA, Inc.*, 361 F.App'x 411, 415 (3d Cir. 2010). The charge of

discrimination allows "the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). "The parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination." *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 453 (3d Cir. 2006); *see also Simko v. U.S. Steel Corp.*, 992 F.3d 198, 207 (3d Cir. 2021) ("The relevant test for determining whether a later claim needs to be exhausted despite the filing of a previous charge is a two-pronged inquiry into whether the acts alleged in the subsequent suit are fairly within the scope of [1] the prior EEOC complaint, or [2] the investigation arising therefrom.") (internal quotations omitted).

Defendant argues that Plaintiff's hostile work environment, retaliation, and ADEA discrimination claims must be dismissed, because Plaintiff failed to exhaust his administrative remedies as to these claims. (ECF No. 11). Specifically, Defendant argues that Plaintiff's claims within his complaint do not fit within the scope of his prior EEOC Charge. (*Id.*). Plaintiff argues that all his claims are fairly within the scope of his EEOC Charge or any investigation that would have followed from the Charge. (ECF No. 12).

A. **Age Discrimination Claims**

Plaintiff brings age discrimination claims against Defendant under the ADEA and PHRA. (ECF No. 1, at ¶ ¶¶ 28-53). Defendant argues that Plaintiff has not exhausted his administrative remedies as to these claims. (ECF No. 11, at 9-10). Plaintiff argues that his age discrimination claims are properly within the scope of his EEOC Charge. (ECF No. 12, at 6-12).

To establish a prima facie case of age discrimination, a plaintiff must prove: (1) he is a member of the protected class, i.e., he is at least 40 years old; (2) he is qualified for the position

5

in question; (3) he suffered an adverse employment action; and (4) the circumstances surrounding the adverse action "could give rise to an inference of intentional discrimination." *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013).

In his EEOC Charge, Plaintiff stated:

> I believe the Respondent discharged me because of my age, 71, in violation of the Age Discrimination in Employment Act (ADEA). At least two (2) other individuals much younger than me knew of and were responsible for the issues which resulted in my discharge prior to my being hired and during my employment but, they were not disciplined or discharged. Their names are Mark Whalen and Shawn Mienke.

(ECF No. 10-1). Although Plaintiff's EEOC Charge is not specific, it is clear from the contents of the EEOC Charge that Plaintiff intended to bring a discrimination claim against Defendant under the ADEA. The administrative remedy exhaustion requirement does not mandate that a Plaintiff include every detail of the alleged wrongs against them to satisfy the requirement, just enough that the Defendant is notified of the charges against it. Plaintiff's Charge clearly puts the Defendant on notice of an ADEA discrimination claim. As such, Plaintiff has properly exhausted his administrative remedies as to his age discrimination claims against Defendant. Defendant's Motion to Dismiss Plaintiff's age discrimination claims under the ADEA and PHRA, at Count I of the Complaint, will be denied.

### B. Hostile Work Environment Claims

Plaintiff brings a hostile work environment claim against Defendant under the ADEA, Title VII, and the PHRA. (ECF No. 1, at ¶¶ 66-67). Defendant argues that Plaintiff's hostile work environment claim is not within the scope of Plaintiff's EEOC Charge. (ECF No. 11, at 6-8).

Plaintiff's EEOC Charge contains no allegations related to a hostile work environment claim such that Defendant would have been put on notice of such violations, nor that the EEOC would have investigated further into any hostile work environment claims. As such, Plaintiff has failed to exhaust his administrative remedies as to his hostile work environment claims. Defendant's Motion to Dismiss Plaintiff's hostile work environment claims, at Count III of the Complaint, will be granted.

### C. Retaliation Claims

Plaintiff brings a claim for retaliation against Defendant under an unspecified statute. (ECF No. 1, at ¶¶ 68-75). Defendant argues that the scope of Plaintiff's EEOC Charge does not encompass any retaliation claim. (ECF No. 11, at 8-9). Defendant further argues that Plaintiff's complaint does not plead facts sufficient to allege a retaliation claim. (*Id.*). Plaintiff argues that his retaliation claim is within the scope of this EEOC Charge. (ECF No. 12).

Plaintiff's EEOC Charge does not contain any allegations of retaliation or any facts that would cause a reasonable reader of the EEOC Charge to be put on notice of such a claim or be compelled to investigate any sort of retaliatory actions. As such, Plaintiff failed to exhaust his administrative remedies as to his retaliation claims. Defendant's Motion to Dismiss Plaintiff's retaliation claims, at Count IV of the Complaint, will be granted.

### D. Count II: Wrongful Termination

Plaintiff brings a claim for wrongful termination against Defendant. Defendant argues that Plaintiff's wrongful termination claim is preempted by the ADEA, Title VII, and the PHRA. (ECF No. 11, at 11). Plaintiff argues that his wrongful termination claim is in the alternative to his statutory discrimination claims. (ECF No. 12, at 7).

"Common law claims for wrongful termination are pre-empted when a statutory remedy exists." *Parikh v. UPS,* 491 F. App'x 303, 307 (3d Cir. 2012) (citing *Lawrence v. Nat'l Westminster Bank N.J.,* 98 F.3d 61, 73 (3d Cir.1996)). Each of the statutes that Plaintiff brings claims under in this case provide statutory remedies that protect Plaintiff's interests; and thus, Plaintiff's wrongful termination claim is preempted. As such, Defendant's Motion to Dismiss Plaintiff's wrongful termination claim, at Count II of the Complaint, will be granted.

IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss will be granted in part and denied in part. Defendant's Motion to Dismiss Plaintiff's age discrimination claims, at Count I of the Complaint, will be denied. Defendant's Motion to Dismiss, as to all other claims and counts within the Complaint, will be granted. A separate order to follow.

DATED: October 22, 2025

Marilyn J. Horan
United States District Judge