IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| JOHN WEAVER,<br><br>      Plaintiff,<br><br>vs.<br><br>SHASTA SERVICES, LLC,<br><br>      Defendant, | 2:25-CV-00910-MJH |

**OPINION AND ORDER**

On July 4, 2025, Plaintiff, John Weaver, filed this matter against Defendant, Shasta Services LLC. (ECF No. 1). Plaintiff brought claims for discrimination, wrongful termination, retaliation and hostile work environment under the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act. (*Id.*). On August 18, 2025, Defendant filed a Motion to Dismiss the Complaint. (ECF No. 10). On October 22, 2025, this Court granted in part and denied in part Defendant's Motion to Dismiss. (ECF No. 16). This Court dismissed Plaintiff's hostile work environment, wrongful termination, and retaliation claims, at Counts II-IV of the Complaint. (*Id.*). Only the age discrimination claims at Count I of the Complaint remained. On November 18, 2025, Plaintiff filed a Notice of Appeal of this Court's October 22, 2025 Order, dismissing his hostile work environment, wrongful termination, and retaliation claims. (ECF No. 21). On November 24, 2025, Plaintiff filed a Motion to Stay these proceedings pending resolution of his appeal. (ECF No. 25). Defendant filed its response to Plaintiff's Motion to Stay on November 26, 2025. On December 1, 2026, Plaintiff filed a Motion for Interlocutory Appeal, asking this Court to certify

1

its October 22, 2025 Order. (ECF No. 30). On December 15, 2025, Defendant filed their response to Plaintiff's Motion for Interlocutory Appeal. (ECF No. 34). Plaintiff did not file a reply. All the issues are briefed and ripe for disposition. For the reasons below, Plaintiff's Motion for Interlocutory Appeal will be denied

## I.     Statement of Facts

The Court's October 22, 2025 Memorandum Opinion contains the relevant facts to this case and such facts need not be repeated here. *See* (ECF No. 15, at 1-2).

## II.    Legal Standard

The standard for allowing an interlocutory appeal is as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Such a decision is within the discretion of a district court and the "burden is on the movant to demonstrate that a 1292(b) appeal is warranted." *Orsen, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citation omitted). The moving party must "demonstrate that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of final judgment.'" *Douris v. Schweiker*, 229 F. Supp. 2d 391, 407-08 (E.D. Pa. 2002) (quoting *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

Thus, the relevant issues to be determined as to Plaintiff's present motion are: (1) whether the order involves a controlling question of law; (2) as to which there is

substantial ground for difference of opinion; and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F. 2d 747, 754 (3d Cir. 1973). Plaintiff must show that all three of these factors are met. *Id.* Even if all of these factors are met, the Court may still deny certification at its discretion. *L.R. Manheim Tp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008).

### III.    Discussion

### A. Controlling Questions of Law

Plaintiff contends that there are three controlling questions of law at issue:

1. Whether Termination of Another Protected Class Employee Defeats Mr. Weaver's prima facie case under the ADEA (ECF No. 30, at 5)

2. Whether Young Managers Who Failed to Correct Violations Are Proper Comparators. (*Id.* at 6)

3. Whether the "But-For" Causation Standard Can Be Satisfied. (*Id.*).

Each of these questions of law are related to Plaintiff's Count I ADEA age discrimination claims which remain in the case. Plaintiff does not point to any questions of law that relate to the wrongful termination, retaliation, or hostile work environment claims that this Court dismissed. Further, the Court dismissed the hostile work environment and retaliation claims at Counts III and IV for failure to exhaust administrative remedies, and the wrongful termination claims at Count II were dismissed, because a statutory remedy exists, preempting such claims. *See* (ECF No. 15, at 6-8). Law related to such determinations is not questioned by Plaintiff. Thus, Plaintiff fails to show that controlling questions of law are at issue in this case.

### B. Substantial Grounds for Difference of Opinion

Defendant points out that Plaintiff focuses on a difference in opinion of law related to a prima facie age discrimination case, which is the only surviving claim (ECF No. 34, at 4). Plaintiff argues that there is a differing of opinion as to conflicting case law on prima facie case requirements in age discrimination cases, conflicting approaches to the "but for" causation standard, and differing interpretations of what can be considered proper comparators. (ECF No. 30, at 8-11).

"A substantial ground for difference of opinion must arise out of doubt as to the correct legal standard, such as conflicting precedent, the absence of controlling law, or complex statutory interpretation." *Karlo v. Pittsburgh Glass Works, LLC*, 2014 WL 12539666, at *1 (W.D. Pa. 2014) (internal citations omitted). A "substantial ground for difference of opinion" does not include a party's "strong disagreement with the Court's ruling" or a "dispute over the application of settled law to a particular set of facts." *Id.*

The arguments presented by Plaintiff, related to substantial grounds for a difference of opinion, also focus upon the sufficiency of his prima facie case for the remaining Count I age discrimination claims. In this section of his argument, Plaintiff briefly mentions that "some off the claims dismissed in this case, should not have been dismissed because the claim while not specifically mentioned before the EEOC, these claims were part of the discriminatory pattern suffered by John Weaver." (ECF No. 30, at 11). However, Plaintiff does not explore this assertion any further. And, even if he did, the Court relied on established precedent in making its prior determination and "[m]ere disagreement with a ruling does not constitute a substantial ground for difference of opinion." *In re Powell,* 2006 WL 3208843, at *2 (E.D. Pa. 2006). Thus,

4

Plaintiff has failed to show that substantial grounds for difference of opinion exist for any of the dismissed claims.

### IV.    Conclusion

For the reasons above, Plaintiff's Motion for Interlocutory Appeal will be denied. The Court will not certify its October 22, 2025 Order, which dismissed Plaintiff's wrongful termination, retaliation, and hostile work environment claims at Counts II-IV of the Complaint.

Accordingly, the following Order is hereby entered.

### ORDER

AND NOW, this 30th day of December 2025, it is hereby **ORDERED** that the Plaintiff's Motion for Interlocutory Appeal is **DENIED**. The Court denies certification of its October 22, 2025 Order that dismissed of the wrongful termination, retaliation, and hostile work environment claims at Counts II-IV of the Complaint.

BY THE COURT:

Marilyn J. Horan
United States District Court Judge